UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH ZIMMERMAN,

                Plaintiff,

-against-

DEPARTMENT OF EDUCATION,

                Defendant.

24-CV-5387 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, asserts claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. By order dated July 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this action against the New York City Department of Education ("DOE"). The following allegations are drawn from the complaint.[1]

Plaintiff, who identifies herself as "Black American," was employed in some capacity at P.S. 186 in the Bronx. Plaintiff alleges that "two Spanish" employees violated her rights and that nothing was done about it because she is Black. (ECF 1 ¶ III.)

---

[1] The Court quotes from the complaint verbatim. All capitalization, punctuation, omissions, and grammar are in the original.

> [Illegible] retaliated against me. I have made several complaints [illegible] other. I was told too to see the medical examiner November 09, 2022 and never was given an explanation why I could not come back to work!

(*Id.* ¶ IV.) Plaintiff further states

> The defendant's never was question ? why I could not come back to work. The Department of Board of Education never told me who impersonate in year 2021. I was put out on eriterment illegal. I went to the union November 09, 2022 nothing was done. Ms. Diane Dizney is Spanish she never was question Mr. Won Humalily in the lobby asking me is these handcuff for you.

(*Id.* IVB.)

Plaintiff appears to seek reinstatement, a transfer to a different school, and money damages. (*Id.* at 6-7.) Attached to the complaint is a notice of right to sue from the Equal Employment Opportunity Commission that is dated April 25, 2024. (*Id.* at 9.) Plaintiff timely filed this complaint on July 11, 2024.

## DISCUSSION

**A.   Title VII**

Plaintiff invokes Title VII and alleges discrimination and retaliation based on her race. Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

Title VII prohibits an employer from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not

actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff's complaint does not state a claim under Title VII. The Court understands that Plaintiff is alleging that other employees of a different ethnic background mistreated her at work because of her race, but she does not explain what occurred, and the few facts she provides – that she was required to see a "medical examiner" and that someone "impersonated" her in 2021 – do not suggest that her employer discriminated or retaliated against her based on her race. The Court grants Plaintiff leave to file an amended complaint to assert facts in support of her Title VII claim.

**B.     Duty of Fair Representation**

Plaintiff alleges that her union failed to represent her appropriately, but she does not name the union as a defendant, and it is not clear whether she seeks to assert a claim against the union. Plaintiff may be attempting to assert a "hybrid Section 301/duty of fair representation ("DFR") claim. This type of claim arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which governs the employer's duty to comply with the collective bargaining agreement, and under the National Labor Relations Act ("NLRA"), which implies the union's duty of fair representation. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983); *see also Price v. Int'l Union, United Auto. Aerospace & Agric. Implement Workers*, 795 F.2d 1128,

1134 (2d Cir. 1986) (union's duty of fair representation is implied from § 9(a) of the NLRA, 29 U.S.C. § 159(a)). To state a hybrid Section 301/DFR claim, a plaintiff must allege "both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001) (citing *DelCostello*, 462 U.S. at 164-65). The employee may sue the union or the employer, or both, but must allege violations on the part of both regardless of which entities she chooses to sue. *Id.* at 179.

Here, the complaint suffers from deficiencies that prevent the Court from analyzing a potential hybrid Section 301/DFR claim. Plaintiff does not allege that the DOE breached a collective bargaining agreement, or explain the nature of any duty owed to her by her union or what the union did or failed to do that breached that duty. The Court grants Plaintiff leave to file an amended complaint to assert claims against the union should she wish to do so.

**C.    State-law claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because the Court has granted Plaintiff leave to amend her complaint, the Court will determine at a later stage whether it will exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

5

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims against her employer and/or the union, the Court grants Plaintiff 60 days' leave to amend his complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-5387 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[2]

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

-against-

_____

_____

_____

Jury Trial:   ☐ Yes   ☐ No
*(check one)*

\_\_\_ Civ. _____ ( \_\_\_ )

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
**NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
**NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

**I.        Parties in this complaint:**

A.    List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name  _____

                    Street Address  _____

                    County, City  _____

                    State & Zip Code  _____

                    Telephone Number  _____

B.    List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant     Name  _____

                    Street Address  _____

                    County, City  _____

                    State & Zip Code  _____

                    Telephone Number  _____

C.    The address at which I sought employment or was employed by the defendant(s) is:

                    Employer  _____

                    Street Address  _____

                    County, City  _____

                    State & Zip Code  _____

                    Telephone Number  _____

**II.       Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

              _____      Failure to hire me.

              _____      Termination of my employment.

              _____      Failure to promote me.

              _____      Failure to accommodate my disability.

              _____      Unequal terms and conditions of my employment.

              _____      Retaliation.

  _____  Other acts *(specify)*: _____.

  *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                     *Date(s)*

C. I believe that defendant(s) *(check one)*:

  _____  is still committing these acts against me.

  _____  is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

  ☐ race _____  ☐ color _____

  ☐ gender/sex _____  ☐ religion_____

  ☐ national origin _____

  ☐ age. My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

  ☐ disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

  *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

## III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B. The Equal Employment Opportunity Commission *(check one)*:

|  |  |
|---|---|
| _____ | has not issued a Notice of Right to Sue letter. |
| _____ | issued a Notice of Right to Sue letter, which I received on _____ *(Date)*. |

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.  Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____  60 days or more have elapsed.

_____  less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff   _____

Address                        _____

                                       _____

                                       _____

                                       _____

Telephone Number     _____

Fax Number *(if you have one)*  _____