UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH ZIMMERMAN,

               Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION/EEOC,

               Defendants.

24-CV-5387 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that her employer discriminated against her based on her race. By order dated October 28, 2024, the Court directed Plaintiff to amend her complaint to address deficiencies in the original pleading. Plaintiff filed an amended complaint on December 27, 2024, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

      In the original complaint, filed against the New York City Department of Education ("DOE"), Plaintiff identified herself as "Black American," and alleged that she was employed in some capacity at P.S. 186 in the Bronx.[1] (ECF 1 ¶ III.) The Court understood that Plaintiff was alleging that other employees of a different ethnic background mistreated her at work because of her race, but she did not explain what occurred, and the few facts she provided – that she was

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the originals unless noted otherwise. Because of Plaintiff's illegible handwriting, the Court was not able to decipher all of her allegations.

required to see a "medical examiner" and that someone "impersonated" her in 2021 – did not suggest that the DOE discriminated or retaliated against her based on her race. The Court granted Plaintiff leave to file an amended complaint to assert facts in support of a race discrimination claim.

In the amended complaint, which is also difficult to read, Plaintiff adds the EEOC as a Defendant, and she provides more detail about different events that occurred that she alleges demonstrate that she was treated unfairly. (ECF 6.) For example, Plaintiff alleges that she was required to attend a medical examination, and the reasons given for that requirement constituted "slander." (*Id.* at 5.) Plaintiff further claims that the wrong person signed the notices requiring her to attend the medical examination, and that she did not receive sufficient notice of the examination appointment. (*Id.* at 8-9.)

## DISCUSSION

Although Plaintiff provides more detail in the amended complaint, the Court must dismiss it for the reasons set forth in the order, dated October 28, 2024 order, dismissing the original pleading. To summarize, there are no allegations in the amended complaint that any mistreatment or adverse employment action Plaintiff faced was due to her race, or any other characteristic protected under Title VII. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (explaining that, at the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against h[er], and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision.").

Additionally, Plaintiff added the EEOC as a defendant. Plaintiff does not assert any allegations against the EEOC or explain why she names it as a defendant. Even if she had, there is no express or implied cause of action under Title VII to sue an administrative agency or its

employees in connection with its investigation and processing of discrimination claims, *see Baba v. Japan Travel Bureau Intern., Inc.*, 111 F.3d 2, 2 (2d Cir. 1997) ("Title VII provides no express or implied cause of action against the EEOC for claims that the EEOC failed . . . to investigate or process an employment discrimination charge [properly].").

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   July 7, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge